# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| **In Re:**<br><br>**KIT BOSWORTH, and**<br>**CALLIE BOSWORTH,**<br><br>**Debtor.** | **Bankruptcy Case**<br>**No. 10-41615-JDP** |

## MEMORANDUM OF DECISION

Appearances:

    Craig R. Jorgensen, Pocatello, Idaho for Debtor.

    R. Sam Hopkins, Pocatello, Idaho, chapter 7 Trustee.

### *Introduction*

In this case, the Court must consider whether recent changes to Idaho law impact how all-terrain vehicles ("ATVs") are treated under Idaho's motor vehicle exemption statute, Idaho Code § 11-605(3).

MEMORANDUM OF DECISION – 1

Chapter 7 Debtors Kit and Callie Bosworth claimed a 2006 Honda ATV ("Honda ATV") as exempt on an amended schedule C. Docket No. 17. This prompted the trustee, R. Sam Hopkins ("Trustee"), to object to the exemption claim. Docket No. 19. A hearing on the objection was conducted on February 8, 2011, after which the parties filed briefs and the objection was deemed under advisement. This Memorandum sets forth the Court's findings and conclusions concerning this contest. Fed. R. Bankr. P. 7052; 9014.[1]            *Facts*

Debtors filed their chapter 7 petition on September 10, 2010. Docket No. 1. In their initial schedules, they listed a 2001 Ford Taurus as personal property on schedule B, valued at $2,300, and Mr. Bosworth claimed it as exempt in the same amount on schedule C. *Id*. On November 17, 2010, Debtors amended schedule B to also list a Honda ATV, valued at $4,200. Docket No. 17. Schedule C was likewise amended to reflect that Mr. Bosworth claimed the Honda ATV exempt pursuant to Idaho Code § 11-

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037.

MEMORANDUM OF DECISION – 2

605(3), in the amount of $4,200; Mrs. Bosworth now claimed the Ford Taurus exempt, also pursuant to Idaho Code § 11-605(3), in the amount of $2,300. *Id*.

On November 24, 2010, Trustee objected to the claim of exemption in the Honda ATV on the grounds that it "does not meet the requirements to be operated on public highways," citing this Court's decision in *In re Sanders*, 03.1 I.B.C.R. 57 (Bankr. D. Idaho 2003). Docket No. 19. Debtors responded, contending that the Honda ATV is licensed to operate on public highways, attached supporting documentation, and requested a hearing. Docket No. 20. The hearing was conducted on February 8, 2011, after which the parties submitted supplemental briefing. Docket Nos. 35, 36, 38 and 39. The matter was thereafter deemed under advisement.

*Analysis and Disposition*

**A.**

When a bankruptcy petition is filed, a bankruptcy estate is automatically created, which includes "all legal or equitable interests of the debtor[s] in property." 11 U.S.C. § 541(a). The property of the

MEMORANDUM OF DECISION – 3

bankruptcy estate is available for distribution to the debtors' creditors. *Rousey v. Jacoway*, 544 U.S. 320, 325 (2005). However, in order to promote a financial fresh start, the Code permits the debtors to exempt certain interests in property from liquidation in their bankruptcy case. *Id.*; *see, e.g.,* 11 U.S.C. § 522(d). Because Idaho has "opted out" of the federal exemption scheme, Debtors may claim only those exemptions allowable under Idaho law, and those listed in § 522(b)(3). Idaho Code § 11-609; 11 U.S.C. § 522(b)(3)(A).

As the objecting party, Trustee bears the burden of proving that Debtors' claim of exemption is not proper. Rule 4003(c); *Carter v. Anderson (In re Carter)*, 182 F.3d 1027, 1029 n.3 (9th Cir. 1999); *In re Kline*, 350 B.R. 497, 502 (Bankr. D. Idaho 2005). Exemption statutes are to be liberally construed in Debtors' favor. *In re Kline*, 350 B.R. at 502 (citing *In re Steinmetz*, 261 B.R. 32, 33 (Bankr. D. Idaho 2001)).

**B.**

In this case, Debtors claim an exemption in the Honda ATV pursuant to Idaho Code § 11-605(3), to which Trustee has objected. That

MEMORANDUM OF DECISION – 4

statute provides,

> An individual is entitled . . . to an exemption of one (1) motor vehicle to the extent of a value not exceeding seven thousand dollars ($7,000).

Idaho Code § 11-605(3).

Over the years, this Court has consistently held that ATVs are not "motor vehicles" within the context of Idaho Code § 11-605(3). *See In re Baird*, 89 I.B.C.R. 149 (Bankr. D. Idaho 1989); *In re Thomas*, 97.2 I.B.C.R. 39 (Bankr. D. Idaho 1997). The Court has likewise held that other types of vehicles are not "motor vehicles" for exemption purposes. *See, e.g., In re Sanders*, 03.1 I.B.C.R. at 58 (off-road motorcycle not exempt); *In re Stanger*, 99.3 I.B.C.R. 120 (Bankr. D. Idaho 1999) (mountain bike not exempt); *Fitzgerald v. Leary (In re Leary)*, 91 I.B.C.R. 68 (Bankr. D. Idaho 1991) (snowmobile not exempt). The common thread among the cases is the Court's conclusion that:

> in order for a vehicle to qualify as exempt under Idaho Code § 11-605(3), that vehicle must not only be self-propelled, but also must be capable of being lawfully operated on a public street or highway. At a minimum, that requires the

MEMORANDUM OF DECISION – 5

>vehicle to be registered and properly equipped in accordance with Idaho's motor vehicle laws.

*In re Sanders*, 03.1 I.B.C.R. at 58.

Debtors ask the Court to deviate somewhat from those rulings in light of an amendment to the Idaho Code. In response, Trustee contends that other amendments to Idaho's statues solidify the rules announced in the Court's prior rulings. The Court considers Debtors' argument first.

1. <u>The New License and Registration Requirements for ATVs.</u>

In *In re Sanders*, this Court stated that its prior decisions "did not completely foreclose the consideration of all-terrain vehicles or motorbikes as exempt under Idaho Code § 11-605(3)," if the vehicle was properly registered for use on a public street or highway, and if it was equipped for such use, i.e., with proper safety equipment such as a headlamp, tail lamp, reflectors, mirror and a horn. *Id.*

In 2008 and 2009, the Idaho legislature made several changes to the Idaho Code concerning ATVs. Notably, the registration requirements in

MEMORANDUM OF DECISION – 6

Idaho Code § 67-7122 for ATVs were amended.[2]  In addition to increasing registration fees, the statute was amended to provide for issuance of restricted license plates for ATVs.

The Honda ATV at issue in this case displays a restricted license plate.  Ex. A.  Debtors contend that because ATVs are self-propelled, and because they are now capable of displaying a license plate, albeit a restricted one, then their ATV now falls within the Court's definition of an exempt motor vehicle in *In re Stanger*.  The Court respectfully disagrees.

Under the amended statutory scheme, ATVs may be designated for off-highway or highway use, but ATVs that will be operated on "city, county or highway district roads or highways open to such use" must

---

[2]  The new statutory language reads, in relevant part:
> A motorbike, all-terrain vehicle, specialty off-highway vehicle or utility type vehicle operated exclusively off-highway or on highways located on state lands or federal lands which are not part of the highway system of the state of Idaho and that meet the registration requirements specified in this section shall not be required to obtain a restricted vehicle license plate pursuant to section 49-402(4), Idaho Code.

Idaho Code § 67-7122(3).

MEMORANDUM OF DECISION – 7

display a restricted vehicle license plate.  Idaho Code § 49-402(4).[3]

However, Idaho Code § 49-426(3) provides that the "operation of licensed and registered all-terrain vehicles . . . shall not be permitted on controlled access highways."

Perhaps in anticipation of questions surrounding the new laws, the Idaho Department of Transportation placed as assortment of "Frequently Asked Questions," and the answers to those questions, on its informational website.  Ex. 203.  Relevant here are the following questions and answers:

> 6.  Where CAN'T I operate my restricted vehicle?
>
>> Restricted vehicles cannot operate on any state highway, on any interstate highway, or on any controlled access roadway.  Crossing a state highway is only permitted at locations authorized and approved by the Idaho Transportation Department's board.  Approved state highway crossing locations require installed signs

---

[3] The new statute does provide for an exemption from the license and registration requirements for ATVs used exclusively for agricultural, ranch and snow removal operations.  Idaho Code § 49-426(2).  This exception is of no use to Debtors in this case.

MEMORANDUM OF DECISION – 8

> designating the approved location. Vehicles using an approved crossing location must cross the road at 90 degrees to the roadway. Traveling down any state highway is prohibited.
>
> 7. Where CAN I operate my restricted vehicle?
>
> > As of January 1, 2009, restricted vehicles can operate on country roads, paved or otherwise, unless a political subdivision (county, city, highway district, etc, or a state or federal land manager), takes action to prohibit the operation of these vehicles on specific roads or sections of roads within their jurisdiction. Signs are to be posted on any section of county roadway where operation is prohibited.
> > Designated OHV riding areas, areas open to cross country motorized travel and designated motorized trail systems will also require both the "restricted vehicle" plate and the IDPR OHV registration sticker.

*Id*. (emphases in original).

As can be seen, nothing in the statutes or informational guidance addresses the fundamental premise relied upon by the Court in *In re Sanders*, where the Court explained that:

MEMORANDUM OF DECISION – 9

> in order for a vehicle to qualify as exempt under
> Idaho Code § 11-605(3), that vehicle must not
> only be self-propelled, but also must be capable
> of being lawfully operated on a public street or
> highway.  At a minimum, that requires the
> vehicle to be registered and properly equipped in
> accordance with Idaho's motor vehicle laws.

*In re Sanders*, 03.1 I.B.C.R. at 58.   In other words, registration and display of a "new" restricted license plate on an ATV does not allow for its use on state highways, interstate highways, or controlled access roads.  Instead, a qualified ATV is limited to use on county and local roads, but only those where that use has not been prohibited by the local government. Moreover, there are no requirements for safety equipment included in the new licensing provision, such that ATVs qualify for restricted plates even though not equipped with essential mirrors, head and tail lamps, horns or reflectors.

    Put simply, because the roads upon which ATVs with restricted plates may legally operate remain largely the same as before the amendments, and because the vehicles still need not be safety-equipped, the Court concludes such vehicles remain nonexempt under Idaho Code

MEMORANDUM OF DECISION – 10

§ 11-605(3).

2. Reference to Federal Safety Standards.

Another issue was raised by Trustee. In its prior decisions, the Court pointed out that because Idaho Code § 11-605(3) does not define "motor vehicle," the Court should resort to the general definitional provisions of Idaho's motor vehicle statues for guidance. *In re Stanger*, 99.3 I.B.C.R. at 120. There is no specific definition of "motor vehicle" within the Idaho motor vehicle statutes, but instead, one must begin with the definition of "vehicle" as found in Idaho Code § 49-123(2)(a): "[e]very device in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks." A more specific definition of "motor vehicle" is found in Idaho Code § 49-123(2)(g):

> Every vehicle which is self-propelled, *and for the purpose of titling and registration meets federal motor vehicle safety standards as defined in section 49-107, Idaho Code.* Motor vehicle does not include vehicles moved solely by human power, electric personal assistive mobility devices and motorized wheelchairs or other such vehicles that are

MEMORANDUM OF DECISION – 11

>   specifically exempt from titling or registration
>   requirements under title 49, Idaho Code.

(emphasis added). This section of the Idaho Code was amended in 2008, and Trustee's argument is rooted in this change. The amendments removed language that referred to electric street trolleys, and added the italicized language quoted above.

Trustee argues that the new statutory language referencing the federal motor vehicle safety standards ("FMVSS") makes clear that the Honda ATV can not be exempt as a "motor vehicle" because it does not meet FMVSS standards.[4]

Trustee's novel argument suggests that Idaho's definition of an

---

[4] Idaho Code § 49-107(5):
> "Federal motor vehicle safety standards (FMVSS)" means those safety standards established by the national highway traffic safety administration, under title 49 CFR part 500-599, for the safe construction and manufacturing of self-propelled motorized vehicles for operation on public highways. Such vehicles as originally designed and manufactured shall be so certified by the manufacturer to meet the federal motor vehicle safety standards or the standards in force for a given model year or as certified by the national highway traffic safety administration.

MEMORANDUM OF DECISION – 12

exempt motor vehicle has effectively been changed by reference in the statutes to the federal regulations.  The first question with Trustee's interpretation of the law involves whether the new language concerning the application of the FMVSS applies to the definition of "motor vehicle" as a whole, or whether it applies only for the purposes of titling and registration.  Consider, the current version of the statute reads, "[e]very vehicle which is self-propelled, *and for the purpose of titling and registration* meets federal motor vehicle safety standards as defined in section 49-107, Idaho Code."  Idaho Code § 49-123(g) (emphasis added).  As can be seen, a fair argument could be made that the reference in the Idaho law to the FMVSS is applicable only "for the purpose of titling and registration," and that the federal regulations do not impact the definition of "motor vehicle" for general purposes, including exemptions.

However, the Court need not decide whether Trustee is correct in order to dispose of Trustee's objection to Debtors' claim of exemption.  On the one hand, if the reference to the FMVSS does apply to the definition of a "motor vehicle" for purposes of the exemption statute, Debtors

MEMORANDUM OF DECISION – 13

exemption claim fails because they have not shown that their Honda ATV complies with the FMVSS.[5]

On the other hand, if the FMVSS reference in the statute does not apply beyond the context of titling and registration, then nothing in the statute has changed with regard to motor vehicle exemptions. Thus, the line of cases from this Court holding that an ATV is not a motor vehicle for purposes of Idaho Code § 11-605(3) will control, and Debtors' Honda ATV is not exempt as a motor vehicle under Idaho law.

*Conclusion*

The Honda ATV is not exempt under Idaho Code § 11-605(3). The fact that it displays a restricted license plate does not allow it to be driven on most Idaho roads, nor are any safety mechanisms, i.e., lights, horn, reflectors, required to obtain such a license. As a result, the Honda ATV does not qualify as an exempt motor vehicle under the relevant statutory

---

[5] Interestingly, Idaho Code § 49-402(10) provides that "[a]ny vehicle that does not meet [FMVSS] shall not be registered and shall not be permitted to operate on public highways of the state, as defined in section 40-117, Idaho Code, unless otherwise specifically authorized."

MEMORANDUM OF DECISION – 14

provisions or this Court's case law. In addition, the reference to the FMVSS under the definition of motor vehicles in Idaho Code § 49-123(g) has no bearing on the question of whether this Honda ATV is a motor vehicle for purposes of the exemption statute. Accordingly, Trustee's objection to Debtors' claim of exemption will be sustained and the exemption disallowed in a separate order.

Dated: March 14, 2011

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION – 15